Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARLOS GARCIA and EPITACIO LIRA,

          *Plaintiffs*,

-against-

PG HOSPITALITY INC D/B/A MOCHA BURGER UES, PITAGRILLNYC CORP. D/B/A PITA GRILL, KHALED DOE and OFER BITON.

          *Defendants*.

---------------------------------------------------------X

**Civil Action No.:** 21-cv-7968

**COMPLAINT**

**JURY TRIAL DEMANDED**

CARLOS GARCIA and EPITACIO LIRA ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq. and as against PITAGRILLNYC CORP. D/B/A PITA GRILL, OFER BITON, PG HOSPITALITY INC D/B/A MOCHA BURGER UES and KHALED DOE (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Carlos Garcia was a former employee of PG HOSPITALITY INC D/B/A MOCHA BURGER UES at 1603 2nd Avenue New York, NY 10028 and PITAGRILLNYC CORP. d/b/a Pita Grill located at 1083 Second Avenue New York, NY 10022 that were each owned and operated by Defendant OFER BITON.

2. Plaintiff EPITACIO LIRA was a former employee of PG HOSPITALITY INC D/B/A MOCHA BURGER UES at 1603 2nd Avenue New York, NY 10028 that was owned and operated by Defendant OFER BITON.

1

3. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

4. Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

5. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8. Plaintiff CARLOS GARCIA ("Plaintiff GARCIA") is an adult individual residing in Bronx County, New York. Plaintiff GARCIA was employed by Defendants at the restaurants owned and operated by Defendants from approximately September 2019 until December 2019.

9. Plaintiff EPITACIO LIRA ("Plaintiff LIRA") is an adult individual residing in Kings County, New York. Plaintiff LIRA was employed by Defendants at the restaurant owned and operated by Defendants from approximately late May 2019 to November 2019.

10. Defendant PG HOSPITALITY INC D/B/A MOCHA BURGER UES is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1603 2nd Avenue New York, NY 10028.

11. Defendant PITAGRILLNYC CORP. D/B/A PITA GRILL is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1083 Second Avenue New York, NY 10022.

12. Defendant OFER BITON is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant OFER BITON is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

13. Defendant OFER BITON possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant OFER BITON had the authority to hire and fire Plaintiffs.

15. Defendant OFER BITON set and altered the conditions of employment at both locations.

16. Defendant OFER BITON hired the management staff at both restaurants.

17. Defendant OFER BITON fielded questions about work and pay from the Plaintiffs.

18. Defendant OFER BITON had the authority to execute contracts on behalf of both companies including but not limited to lease agreements.

19. Defendant KHALED DOE was a manager who had the power to hire and fire Plaintiffs and other employees at Mocha Burger.

20. Defendant KHALED DOE set and established working times for the employees of Defendants including Plaintiffs at Mocha Burger.

21. Defendant KHALED DOE controlled the rate of pay for the Plaintiffs at Mocha Burger.

22. Defendant KHALED DOE authorized and directed work tasks of the Plaintiffs at Mocha Burger.

23. Defendants are associated and joint employers, act in the interest of each other with respect to the restaurants located at 1603 2nd Avenue New York, NY 10028 and 1083 Second Avenue New York, NY 10022.

24. Defendants share common operations acted jointly in the operation of the restaurant located at 1603 2nd Avenue New York, NY 10028 and 1083 Second Avenue New York, NY 10022 including drawing from an overlapping pool of employees and issuing pay to employees in common.

25. Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

26. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiffs.

28. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

29. Defendants are each experienced restaurant and business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

30. Upon information and belief, in each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

31. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiffs and Defendants' employees handled and purchased for the business cleaning items, foods and ingredients, cookware and other tools that originated out of state.

32. Plaintiffs were individually engaged in commerce by virtue of their role interacting with interstate businesses.

33. Defendant Pita Grill regularly employed more than 11 people throughout each year during the relevant time period.

34. Defendant Mocha Burger regularly employed more than 11 people throughout each year during the relevant time period.

*Plaintiff CARLOS GARCIA*

35. Throughout his employment with defendants, Plaintiffs GARCIA was employed as a delivery person, kitchen helper, porter and general laborer at the restaurants located at 1603 2nd Avenue New York, NY 10028 and 1083 Second Avenue New York, NY 10022.

36. Plaintiff GARCIA was often issued his pay for his work at each restaurant by the same supervisor.

37. Plaintiff GARCIA regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

38. Plaintiff GARCIA' work was supervised and his duties required neither discretion nor independent judgment.

39. Plaintiff GARCIA regularly worked in excess of 40 hours per week.

40. Between approximately September 2019 until December 2019, Plaintiff Garcia worked at Mocha Burger at following approximate schedules – Monday through Thursday shifts from 5:00 P.M. until 12:00 A.M. and shifts on Saturday from 5:00 P.M. until 2:00 A.M. or Sundays from 5:00 P.M. until 12:00 A.M.

41. From October 2019 until around December 2019 from Plaintiff GARCIA worked shifts at Pita Grill at the following approximate and typical schedule in addition to his shifts as Mocha Burger:

   a. Monday at Pita Grill: 11:00 A.M. to 5:00 P.M.

   b. Tuesday at Pita Grill: 11:00 A.M. to 5:00 P.M.

   c. Wednesday at Pita Grill: 11:00 A.M. to 5:00 P.M.

   d. Thursday at Pita Grill: 11:00 A.M. to 5:00 P.M.

   e. Friday at Pita Grill: 11:00 A.M. to between 2:00 P.M. and 3:00 P.M.

42. The above represents a fair approximation of Plaintiff GARCIA's schedule and he worked more or less time on any given week depending on the specific needs of the business. He did not work every single day at the above schedules but rather a mixture of shifts depending on the needs of the business.

43. Defendants occasionally failed to record all of the hours worked by Plaintiff GARCIA on his pay stubs and either paid him for those hours late or not at all.

44. Defendants paid Plaintiff GARCIA an hourly rate during his employ of $11 per hour for the time at Mocha Burger and $10 per hour for time worked at Pita Grill.

45. Defendants did not pay Plaintiff Garcia any overtime rate for the hours worked over 40 in a single week when he worked more than 40 hours between the two locations for the benefit of the same employers/joint employer.

46. Such failure to pay the proper minimum wages and overtime premiums was willful.

47. Plaintiff GARCIA routinely spent more than 20% of his shift, or over two hours, performing non-tipped work such as at Mocha Burger washing dishes, cleaning filters, washing down the kitchen line, sweeping, cleaning refrigerators, changing out fry oil, cleaning grease traps, cleaning machines, and cleaning floors and at Pita Grill such as stocking displays, breakdown deliveries of inventory, sweeping floors and stairs, filling dressing and other food containers, making sauces, chopping vegetables, and other general labor tasks.

48. Defendant failed to provide Plaintiff GARCIA with proper written or other notice of any tip credit deduction as required by NYLL and the FLSA.

49. Defendants permitted Plaintiff GARCIA infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to the kitchen.

50. No proper notification was given to Plaintiff GARCIA regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

51. Defendants failed to provide Plaintiff GARCIA with each payment of wages a completely proper statement of wages, as required by NYLL 195(3).

52. Defendants failed to provided Plaintiff GARCIA all of the proper and complete notices in English and in Spanish (Plaintiff GARCIA' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

53. Defendants charged a delivery fee on deliveries that was not included in the tips issued to Plaintiff GARCIA and that a reasonable customer would perceive to be a gratuity.

*Plaintiff EPITACIO LIRA*

54. Throughout his employment with defendants, Plaintiff LIRA was employed as a delivery person, dishwasher, kitchen helper, porter and general laborer at the restaurant located at 1603 2nd Avenue New York, NY 10028 from the end of May 2019 until November 2019.

55. Plaintiff LIRA regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

56. Plaintiff LIRA'S work was supervised and his duties required neither discretion nor independent judgment.

57. Plaintiff LIRA regularly worked in excess of 40 hours per week.

58. Plaintiff LIRA worked 4-6 shifts per week at Mocha Burger at the following approximate and typical schedule:

    a. Monday: 5:00 P.M. until between 12:00 A.M.

    b. Tuesday: 5:00 P.M. until between 12:00 A.M.

    c. Wednesday: 5:00 P.M. until between 12:00 A.M.

    d. Thursday: 5:00 P.M. until between 12:00 A.M.

    e. Friday: Typical Day Off

    f. Saturday: 6:00 P.M. until 2:00 A.M.

    g. Sunday: 5:00 P.M. until between 12:00 A.M.

The above is a fair approximation of Plaintiff LIRA's schedule and there were times when he worked more or less than the above schedule depending on the needs of the business.

59. Defendants paid Plaintiff LIRA an hourly rate of $9.00 per hour for the first months of his employment and then sporadically paid Plaintiff LIRA an hourly rate of either $11 per hour or $9.00 per hour.

60. Defendants occasionally failed to record all of the hours worked by Plaintiff LIRA on his pay stubs and either paid him for those hours late or not at all.

61. Defendants occasionally paid Plaintiff Lira at the overtime rate of $16.50.

62. Such failure to pay the proper minimum wages and the proper overtime premiums was willful throughout his employ with the Defendants.

63. Defendants permitted Plaintiff LIRA infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to work.

64. Plaintiff LIRA routinely spent more than 20% of his shift, or two hours, performing non-tipped work such as stocking displays, cleaning the floors, cleaning the kitchen, cleaning grease traps, sweeping floors and stairs, making sauces, washing dishes and other general labor tasks.

65. Defendant did not provide Plaintiff LIRA with proper written or other notice of any tip credit deduction.

66. Defendants failed to provide proper notification was given to Plaintiff LIRA regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

67. Defendants did not provide Plaintiff LIRA with each payment of wages a completely proper statement of wages, as required by NYLL 195(3).

68. Defendants failed to provided Plaintiff LIRA all of the proper and complete notices in English and in Spanish (Plaintiff LIRA'S primary language), of his rate of pay, employer's

regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

69. Defendants charged a delivery fee on deliveries that was not included in the tips issued to Plaintiff LIRA and that a reasonable customer would perceive to be a gratuity.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

71. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

72. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

76. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78. Plaintiffs were individually engaged in interstate commerce.

79. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

82. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

86. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

89. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

90. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

91. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

93. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

94. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

98. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

99. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## TOOLS OF THE TRADE

101. Plaintiffs repeat and reallege all the paragraphs above as though set forth fully below.

102. Defendants obligated Plaintiffs to purchase tools in order to perform their tasks at Defendants' restaurants including but not limited to electric bicycles, batteries, bike chains, locks, helmets and other related tools without compensating them for those expenditures.

103. Such expenditures lowered their pay further below the required minimum wages and overtimes wages in which they were made.

104. Plaintiffs are entitled to an amount of damages to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL TIP RETENTION UNDER THE FLSA

118. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105. Defendants mischaracterized delivery fees to customers such that those fees would appear to a reasonable customer to be gratuities intended for delivery staff.

106. Defendants misappropriated portions of Plaintiffs' gratuities.

107. Such misappropriation was willful and not in good faith.

108. Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## UNLAWFUL TIP RETENTION UNDER THE NYLL

119. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109. Defendants mischaracterized delivery fees to customers such that those fees would appear to a reasonable customer to be gratuities intended for service staff.

110. Defendants misappropriated portions of Plaintiffs' gratuities.

111. Such misappropriation was willful and not in good faith.

112. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs' damages for unlawfully retained gratuities along with liquidated damages;

(f) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(k) Enjoining Defendants from future violations of the NYLL;

(l) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiffs damages for their expenditures for tools of the trade along with such liquidated damages, attorneys fees and costs and other associated damages permitted by law;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(p) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria New York
       September 24th, 2021

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*